[Civ. No. 20904. Second Dist., Div. One. Nov. 30, 1955.]

J. PAUL CAMPBELL et al., Respondents, v. PONTICO-POULOS, INC. (a Corporation), Appellant.

Lehman & Van Buskirk, M. Lewis Lehman and Wayne L. Van Buskirk for Appellant.

Thompson, Thompson & Olson and Henry F. Walker for Respondents.

DORAN, J.—This is an appeal from the judgment.

The action is for money due for lumber sold and delivered to defendant and for damages for breach of contract. The complaint, in four counts, alleges in Count I that defendant wrongfully terminated the contract. Count II is a common count for goods sold and delivered. Count III is upon an account stated and for damages and Count IV is an action upon an open book account.

Defendant and appellant filed an answer denying the ma-

terial allegations of the complaint as they pertain to the damages and the performance of the contract by respondents. Appellant also set up in its answer a second and separate defense, the right of defendant to cancel the contract should plaintiffs default in their performance and such default continue for 24 hours, and further alleges that plaintiffs failed to deliver lumber of the specified grade, which caused defendant to perform extra labor and carpentry in the construction of its houses, all to its damage in the sum of $30,950, and that defendant was compelled to purchase lumber of the proper grade elsewhere and was thereby damaged in the sum of $36,967. Said second defense further contained the item of damage that the lumber delivered was of less value than the amounts contracted for, and that, as a result, defendant was damaged in the sum of $11,838.99.

Appellant's answer also contained a third and separate defense, alleging that the inferior lumber delivered caused delay in the construction schedule and increased the interest on defendant's loans and increased defendant's overhead for maintaining a large project, all to defendant's damage in the sum of $12,741.72.

Defendant also filed a cross-complaint, wherein it is alleged that the provisions of the agreement pertaining to the size and grades of lumber were violated, and the fact that a substantial portion of the lumber delivered in the later stages of the contract was one to two grades below that specified in the contract; that extra carpentry had to be used; that lumber was purchased at a higher price from another firm, after cancellation; and alleged substantially the same items of damages as set forth in the separate defenses of defendant's answer.

Plaintiffs filed an answer to the cross-complaint, alleging that they had performed under the terms of the contract; that said contract was wrongfully terminated by defendant.

■ It is argued by appellant that,

"The findings hereinbelow set forth are unsupported by and contrary to the substantial evidence at the trial"; "The trial judge did not keep an open mind, he prejudged the issue, he assumed facts not in evidence; and committed other acts of prejudicial error"; "Evidence improperly admitted" and "Evidence improperly excluded"; "The law applied by the court in interpreting the rights of the parties in and under the written contract was not applicable and was con-

trary to the facts''; and ''The trial court erred in not applying the law of implied warranty.''

The contract in question, dated February 29, 1952, was for the purchase and sale of lumber to be used ''for the construction of approximately seven hundred units, being individual dwelling houses and appurtenances, proposed to be built by said defendant in three subdivisions or tracts of land.'' September 23, 1952, defendants notified plaintiffs by letter that, ''it would take no more lumber from plaintiffs, but was going to secure the balance of the lumber requirements elsewhere.''

As recited in respondent's brief, ''In reply to this September 23rd letter, plaintiffs wrote a letter September 25, 1952, which was stipulated to have been received by defendant, denying the lumber was not of proper grade, stating they were ready, willing and able to furnish lumber for the remaining units and their intent to hold defendant liable for damages if it refused to permit them to do so, and demanded payment of the balance due and unpaid as heretofore billed. Despite plaintiffs' demands for payment, defendant paid nothing on the $154,659.72 balance until January 13, 1953. Defendant then paid $74,903.73 and no more.'' Plaintiffs were awarded judgment of approximately $91,000.

In connection with the above noted contention, ''That the trial judge did not keep an open mind, he prejudged the issue,'' etc., appellant cites a number of incidents that occurred during the trial and the comments of the trial judge in connection therewith. The argument on the subject concludes as follows:

''It is apparent from the above examples that the trial court went far beyond the rules cited in the various cases; that his frequent comments indicated that he had prejudged and made up his mind concerning a number of the issues; and that his thinking either intentionally or unintentionally was against the interests and cause of the defendant.''

Appellant also argues that, ''it should be kept in mind that this trial extended over a period of approximately seven months, being tried at intervals of thirty to sixty days with three or four days of trial on each occasion. It is obvious that the attitude of the trial court changed during this lengthy period of time.'' In connection with this argument it is important to bear in mind that the case was tried without a jury. An examination of the record refutes appellant's contention in this regard and discloses nothing

whatever in support of the argument that the trial judge did not keep an open mind, prejudged the issue, assumed facts not in evidence and committed acts of prejudicial error.

The findings of fact are comprehensive and fully cover the issues involved and the conclusions of law are correct in the circumstances.

A review of the record reveals that no prejudicial errors resulted from the admissibility or exclusion of evidence.

Appellant's contention relating to "the law of implied warranty" is highly technical and discloses no prejudicial error.

The evidence of course is conflicting as to some questions, but a review thereof shows it sufficient, as a matter of law, to support the judgment.

There being no prejudicial errors in the record, the judgment is affirmed.

White, P. J., concurred.

Nourse (Paul), J. pro tem.,* concurred in the judgment.

A petition for a rehearing was denied December 22, 1955, and appellant's petition for a hearing by the Supreme Court was denied January 25, 1956.

*Assigned by Chairman of Judicial Council.